## No. 8725.

THE STATE OF LOUISIANA EX REL. JOS. H. MUSE, ADMINISTRATOR, VS. M. A. STRICKLAND, JUDGE AD HOC.

Where an administrator charges himself with $1500 in his account, as the result of a compromise of a twelve months' bond in favor of the succession and prays that such compromise may be approved by the court, such demand gives this Court jurisdiction of an appeal from a judgment rendered on an opposition to the account, although the cash fund proposed to be distributed by the account and the amount of the inventory of the succession is less than $1000.

APPLICATION for a Mandamus.

*G. W. H. Marr* for the Relator.

The Respondent *in propria persona.*

The opinion of the Court was delivered by

Todd, J.   The relator, administrator of the succession of Peter G. Quinn, deceased, alleges that he filed an annual account of his administration of said succession, which was opposed.   That by the judgment rendered thereon by the respondent, who was appointed Judge *ad hoc* in said case upon the recusation of the District Judge, the succession was aggrieved.   That thereupon he applied for an appeal to this Court, which was refused.   That the amount of the succession funds to be distributed in said account exceeds one thousand dollars, exclusive of interest, and he therefore asks that the said Judge be compelled by mandamus to grant said appeal.

The respondent Judge for answer says, that he refused the appeal because the case was not appealable to this Court *ratione materiæ,* which he proceeds to support by a statement of the amount of the succession funds to be distributed, according to his judgment and the amount of the inventory, etc.

Leaving this statement out of view, which admits of a controversy, we find one feature in the case which, of itself, would invest this Court with jurisdiction of the appeal.   It is as follows:   The main asset of the succession, according to the account, is a twelve months' bond for $1625, which the administrator says is collectible and part of which has been paid.   This bond, which had been in litigation, the administrator reports that he had compromised with the surety thereon at $1500, payable in three equal instalments, and charges himself with this sum.

In his petition accompanying his account the administrator asks that this compromise may be recognized and approved by the court. Whether the petitioner was entitled to have his prayer in this respect granted is not the question now, but it certainly constituted a demand which brought the case within the jurisdictional limits of this Court and entitled him to the appeal applied for.

It is, therefore, ordered, adjudged and decreed, that the mandamus be made peremptory at the cost of the respondent.